<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRAZHON LEWER,<br><br>Petitioner,<br><br>v.<br><br>BECKY SCOTT, et al.,<br><br>Respondents. | No. 24cv4342 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on Petitioner Brazhon Lewer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). D.E. 1. For the reasons below, the Court will **DISMISS** the Petition **AS UNEXHAUSTED** and **DENY** a certificate of appealability.

I.  BACKGROUND

Petitioner challenges criminal charges against him in the New Jersey Superior Court, Law Division, Union County, Indictment Nos. 22-09-00748-I, 23-11-00811-I. Affidavit of Facts, D.E. 1-2 ("Pet. Aff.") at 2. He argues that he should not have been arrested because he did not match the description of the suspects "other than in being a black male." Pet. at 7. He alleges that the grand jury was not told that he was not "involved in proper Identification process essential to the true bill indictment" and that he did not match the suspects' descriptions. *Id.* According to Petitioner, there is no camera footage of the alleged burglary, body camera footage from the arresting officers, or recording of the 911 call. *Id.* at 8; Pet. Aff. at 2-3.

Petitioner also challenges the conditions of confinement at the Hudson County Jail. Pet. at 7. He states he has been exposed to COVID-19, verbal and mental assault, and must "watch out for other inmates to not be physically assaulted." *Id.* He asks the Court to release him and dismiss the criminal charges against him. *Id.* at 8.

## II. LEGAL STANDARD

Section 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who "'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Moore v. De Young*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241(c)(3)). "[F]ederal courts, including the Third Circuit, have condoned conditions of confinement challenges through habeas." *Thakker v. Doll*, 451 F. Supp. 3d 358, 363-64 (M.D. Pa. 2020); *see also Hope v. Warden York County Prison*, 972 F.3d 310, 323-24 (3d Cir. 2020).

## III. DISCUSSION

### A. Petitioner Has Not Exhausted His State Court Remedies

District courts have jurisdiction pursuant to 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, *see Moore*, 515 F.2d at 441-42, but "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445-46). "The district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." *Moore*, 515 F.2d at 443.

Petitioner has not exhausted his claims in the state courts, purportedly because his attorney did not appeal the trial court's decision on the motion to suppress. Pet. at 8. To exhaust state court

2

remedies, a petitioner must "invoke one complete round of the state's established appellate review process" before he can present his habeas claim to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In New Jersey, one must "first presen[t] the claims to the state trial and appellate courts, and in a petition for review in the New Jersey Supreme Court." *Lincoln v. Owens*, 2016 WL 884641, at *2 (D.N.J. Mar. 8, 2016) (citing *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004)). "'[T]he practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged.'" *Moore*, 515 F.2d at 442 (quoting *Cook v. Hart*, 146 U.S. 183, 195 (1892)). The state courts are equally responsible for "protecting the accused in the enjoyment of his [federal] constitutional rights," and "comity demands that the state courts, under whose process he is held . . . should be appealed to in the first instance." *Id.* at 442-43 (internal quotation marks and citations omitted). As Petitioner has not exhausted his claims, the Court will not exercise its pre-trial habeas jurisdiction unless there are extraordinary circumstances.

### B. Petitioner Has Not Shown Extraordinary Circumstances Warrant Federal Intervention

"[I]nvocation of the 'extraordinary circumstances' exception must bring into play the suggestion of an inability of the state forum to afford an adequate remedy at law." *Id.* at 448 (internal citation omitted). There is no such suggestion here. Federal habeas proceedings should not be used as a "'pre-trial motion forum for state prisoners,'" or to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). The Third Circuit has held in other pre-trial habeas actions that requiring defendants to "undergo the rigors of trial" does not constitute an extraordinary circumstance justifying the intrusion into state criminal proceedings prior to the exhaustion of state court remedies. *Moore*, 515 F.2d at 446.

3

Petitioner's challenges to the conditions of confinement at the Hudson County Jail do not constitute extraordinary circumstances such that pre-trial intervention is necessary. "Exposure [to COVID-19] alone does not establish a constitutional violation," *Graham v. Aviles*, 2022 WL 16949131, at *4 (D.N.J. Nov. 14, 2022), and a jail is not required to completely eliminate the risk of exposure to comply with constitutional mandates, *Hope v. Warden York County Prison*, 972 F.3d 310, 330 (3d Cir. 2020). Additionally, Petitioner may file a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief other than release if he believes his constitutional rights are being violated.[1]

Petitioner has not exhausted his state court remedies, and does not present extraordinary circumstances evidencing an inadequate state court avenue for relief on his constitutional claims. Therefore, the Court will decline to exercise pre-trial habeas jurisdiction and **DISMISS** the Petition.

**C. The Court Will Deny a Certificate of Appealability**

A district court should issue a certificate of appealability when the habeas applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the court should issue a certificate of appealability "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*,

---

[1] The Court declines to separate out these claims into a new civil rights action because there are different filing fees and exhaustion requirements for civil rights actions. *See* 42 U.S.C. § 1997e(a); L.Civ.R. App'x K. Nothing in this Opinion and Order prevents Petitioner from submitting a civil rights action if he chooses, however.

529 U.S. 473, 484 (2000). The Court will **DENY** a certificate of appealability because jurists of reason would not find it debatable that Petitioner failed to exhaust his state court remedies and did not present extraordinary circumstances to justify exercise of pre-trial habeas jurisdiction.

## IV.     CONCLUSION

For the reasons stated above, the Court will **DISMISS AS UNEXHAUSTED** the Petition and **DENY** a certificate of appealability.

An appropriate Order accompanies this Opinion.

 **6/12/204**
Date

Evelyn Padin, U.S.D.J.